UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK DUBLINO,

                                  Plaintiff,

            v.

WENDE CORRECTIONAL FACILITY, et al.,

                                Defendants.
_____

                                  DECISION AND ORDER

                                  19-CV-6354L

This *pro se* prisoner case was originally filed in the Northern District of New York. On May 9, 2019, Senior District Judge Gary L. Sharpe of the Northern District issued a Decision and Order (Dkt. #14) that, *inter alia*, dismissed some of plaintiff's claims, denied his motion (Dkt. #3) for a preliminary injunction, and transferred some of plaintiff's remaining claims to this district.

Not mentioned in that Decision and Order was a submission from plaintiff (Dkt. #12), which was docketed as a letter motion requesting injunctive relief. That "motion" was essentially an addendum to plaintiff's motion for a preliminary injunction (Dkt. #3). For the reasons stated in Judge Sharpe's decision with respect to the motion for a preliminary injunction, that later motion is denied as well.

Following the transfer, defendants moved on August 4, 2020 (Dkt. #28) for judgment on the pleadings, based on plaintiff's failure to exhaust his administrative remedies. On September 10, defendants moved to withdraw that motion, explaining that it was based on incorrect

information that Auburn Correctional Facility had provided to defense counsel.  (Dkt. #34.)  The Court granted that motion on September 25.  (Dkt. #36.)

Plaintiff has now filed a letter motion (Dkt. #37) seeking reimbursement for the time and costs he expended in preparing a response to defendants' motion for judgment on the pleadings. Plaintiff requests that defendants be ordered to deposit $112.20 into his inmate account, representing $10 he spent on making copies, $2.20 on postage stamps, and $100 for four hours of his time, which he valuates at $25 per hour.

Plaintiff's motion is denied.  Although the federal rules allow for recovery of costs and attorney's fees under some circumstances where a party has incurred expenses because of an opponent's frivolous or baseless filing, *see* Fed. R. Civ. P. 11, such circumstances are not present here.  For one thing, defendants voluntarily withdrew their motion once it became apparent to them that it was based on incorrect information.  *See* Fed. R. Civ. P. 11(b)(2) (party must be given notice and 21 days to withdraw challenged paper before sanctions may be awarded). Second, *pro se* litigants are not entitled to "attorney's fees" for their own time spent litigating a case.  *See Aljarah v. Citigroup Global Market*, No. 16CV812, 2019 WL 1642442, at *7 (W.D.N.Y. Apr. 16, 2019).

## CONCLUSION

Plaintiff's motion for injunctive relief (Dkt. #12) and his motion for reimbursement (Dkt. #37) are denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 30, 2020.