UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK DUBLINO,

                                          Plaintiff,

                                          v.

WENDE CORRECTIONAL FACILITY, et al.,

                                          Defendants.
_____

                                                                                                                                                        DECISION AND ORDER

                                                                                                                                                          19-CV-6354L

        Plaintiff Mark Dublino, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action by filing a *pro se* complaint in the Northern District of New York on April 1, 2019. The action was transferred to this district in May 2019.

        Pursuant to this Court's March 17, 2020 Order (Dkt. #21) under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, one claim remains in this case: plaintiff's claim under 42 U.S.C. § 1983, alleging that his Eighth Amendment rights were violated because he was subjected to an exposed cold air vent in his cell from November 29 to December 21, 2018.

        Plaintiff has filed a motion for summary judgment.[1] Defendants have filed a response to that motion, and have cross-moved for judgment on the pleadings, on the ground that plaintiff failed to exhaust his administrative remedies before bringing this action. For the reasons that

---

[1] The motion is styled as one for partial summary judgment, but plaintiff states that he seeks the entry of judgment in his favor on one claim, the claim relating to the cold air vent. He says that he is not seeking judgment at this time on his other two claims. Those claims, however, were dismissed by the Court in its March 17, 2020 Order. The "air vent" claim is the only one left in this case. Thus, plaintiff effectively seeks summary judgment on his entire complaint.

follow, plaintiff's motion is denied, defendants' motion is granted, and the complaint is dismissed.

## DISCUSSION

**I. Defendants' Motion for Judgment on the Pleadings**

Defendants bring their motion under Rule 12© of the Federal Rules of Civil Procedure, which provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."

In deciding a Rule 12© motion, the court should "apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Mantena v. Johnson*, 809 F.3d 721, 727-28 (2d Cir.2015) (quoting *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999)).  The Court's task is thus to determine whether, "accept[ing] the allegations contained in the complaint as true, and draw[ing] all reasonable inferences in favor of the non-movant," the plaintiff has stated a facially valid claim. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

"In deciding a motion under Rule 12©, the district court may consider only the contents of the pleadings themselves, documents attached to the pleadings as exhibits or incorporated by reference, and items of which judicial notice may be taken." *Daniels v. Commissioner of Social Security*, 456 F.App'x 40, 41 (2d Cir.2012).

**II. Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust any administrative remedies available to him before bringing an action for claims arising out of his incarceration. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. Further, the exhaustion requirement applies even where the prisoner seeks relief not available in the administrative grievance process, such as money damages. *Id.* at 524.

To exhaust administrative remedies, the inmate must complete the full administrative review process set forth in the rules applicable to the correctional facility in which he is incarcerated. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). In New York, prisoners are generally required to follow a three-step grievance procedure set forth at 7 N.Y.C.R.R. § 701.5. In short, that procedure comprises the filing of a grievance and two levels of appeal from any adverse decision. *See Brownell v. Krom*, 446 F.3d 305, 309 (2d Cir. 2006)); *Animashaun v. Afify*, 470 F.Supp.2d 294, 295 (W.D.N.Y. 2020)). The final step in the process is an appeal to the Central Office Review Committee ("CORC"). All three steps of the process must ordinarily be completed before an inmate may bring suit in federal court. See *Porter*, 534 U.S. at 524; *Morrison v. Hartman*, 898 F.Supp.2d 577, 581 (W.D.N.Y. 2012).

In the amended complaint, plaintiff states as to the cold air vent that he "grieved the alleged incident; No answer was ever given." (Dkt. #20 at 6.) In his declaration in support of his motion, plaintiff states that he "did submit copies of the grievances authored on December

3

25th 2018; of which the alleged incident of cruel and unusual punishment was never assigned a claim number for." (Dkt. #45 at 2.)

Plaintiff has also submitted a copy of a grievance dated December 25, 2018, concerning the exhaust fan vent. The grievance states that plaintiff was forced to endure cold temperatures from November 29 through December 21. (Dkt. #53 at 37.) There is no indication that the grievance was submitted, received or filed.

In his declaration opposing defendants' motion, plaintiff also states that he "never had the opportunity to appeal to CORC because the grievance program was unavailable to remedie [sic] the issue in the grievance." (Dkt. #53 at 3.) He does not explain why the process was unavailable, but asserts that "the PRLA [sic] is nothing but acrutch [sic] to a disfunctional grievance program." *Id.*

Even accepting the truth of the allegations contained in the complaint, and drawing all reasonable inferences in favor of plaintiff, I find that he did not exhaust his administrative remedies as to this claim, and that the complaint must therefore be dismissed.

At most, the record shows that plaintiff may have submitted a grievance concerning the cold air vent on or about December 25, 2018 (four days after he was moved out of that cell), and that he received no response. The law is clear, however, that for purposes of exhaustion an inmate is not relieved of all further responsibility to pursue a grievance simply because he does not receive a response to, or acknowledgment of, his grievance. New York regulations provide for certain time limits within which a response to a grievance or appeal is supposed to be issued, and state that "matters not decided within the time limits ... may be appealed to the next step." 7 N.Y.C.R.R. § 701.8. Courts in this circuit have consistently held that to satisfy the PLRA's

4

exhaustion requirement, prisoners must at least attempt to take a grievance to the next step if they do not receive a response to the initial grievance. *See Smith v. Kelly*, 985 F.Supp.2d 275, 281 n.8 (N.D.N.Y. 2013) (collecting cases); *Hernandez v. Coffey*, 99-CV-11615, 2003 WL 22241431, at *4 (S.D.N.Y. Sept. 29, 2003) (rejecting plaintiff's argument that he could not have exhausted because he never received a grievance number, and finding he could nonetheless have appealed any such non-response to the next level).

That plaintiff may have considered the grievance program "dysfunctional," or thought it would a waste of time to proceed further, is not enough to excuse him from complying with the exhaustion requirement. "If a statute mandates exhaustion of administrative remedies, even a futile administrative process must be utilized." *Lee v. Carson*, 310 F.Supp.2d 532, 537 (W.D.N.Y. 2004) (citing *Giano v. Goord*, 250 F.3d 146, 150-51 (2d Cir. 2001)); *Baker v. Krieger*, 287 F.Supp.2d 207, 209 (W.D.N.Y. 2003) (stating that "whether plaintiff believed that his efforts to use the grievance process would be futile is of no consequence," and dismissing complaint with prejudice where plaintiff did not appeal after receiving no response to his grievance). *See also Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016) ("mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion").

Since the time limits for plaintiff to file an administrative appeal have long since passed, administrative remedies are no longer available to him, as a result of his own inaction. "This case, then, is precisely the kind of case that the PLRA was intended to foreclose." *Bridgeforth v.*

*Bartlett*, 686 F.Supp.2d 238, 240 (W.D.N.Y. 2010). The complaint is therefore dismissed with prejudice, for failure to satisfy the PLRA's exhaustion requirement.[2]

## CONCLUSION

Defendants' motion for judgment on the pleadings (Dkt. #49) is granted, and the complaint is dismissed with prejudice. Plaintiff's motion for summary judgment (Dkt. #45) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 26, 2021.

---

[2] The Court's finding that plaintiff failed to exhaust his administrative remedies renders moot his motion for summary judgment. I note, however, that were the Court to address the merits of plaintiff's motion, it would have to be denied. Plaintiff's motion rests largely on his own allegations, and in no way could it be said that the undisputed facts would entitle plaintiff to judgment in his favor.